UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
www.flmb.uscourts.gov

In re

| | |
|---|---|
| ADMINISTRATIVE ORDER PRESCRIBING PROCEDURES FOR CHAPTER 13 CASES | Administrative Order FLMB-2018-2 |

_____/

## FIFTH AMENDED ADMINISTRATIVE ORDER
## PRESCRIBING PROCEDURES FOR CHAPTER 13 CASES

This Fifth Amended Administrative Order establishes uniform procedures for all Chapter 13 cases filed in this District on or after September 15, 2017. Accordingly, it is

**ORDERED:**

> **Debtor's failure to timely make payments to the Chapter 13 Trustee (the "Trustee") or to comply with any of the other requirements of this Order may result in dismissal or conversion of the case.**

1. <u>Additional Information Required to be Filed with the Court</u>. No later than 14 days from the petition date, Debtor shall file with the Court the lists, statements, and schedules required by Rule 1007.

2. <u>Service of this Administrative Order to Debtor</u>. Debtor's attorney or, if Debtor has no attorney, the Trustee shall provide a copy of this Administrative Order to Debtor within seven days of the petition date.

3. <u>Chapter 13 Plan</u>. No later than 14 days from the petition date or the date the case converts to Chapter 13, Debtor shall file a Chapter 13 plan (the "Plan") using the form Model Chapter 13 Plan available on the Trustee's and the Court's website. Any modifications to the Model Chapter 13 Plan shall be included in the "Nonstandard Provisions" section of the Plan. Plans that are filed with the petition will be served on creditors by the Clerk; if the Plan is not filed with the petition, Debtor shall serve a copy of the Plan upon all parties in interest and promptly file a proof of service.

4. <u>Plan Payments</u>. Payments under the Plan shall be made through the Trustee's office and shall include *all* payments to secured creditors that will come due after filing the petition (and will serve as adequate protection to such creditors) as follows:

---

\*All references to "Debtor" shall include and refer to both debtors in a case filed jointly by two individuals.
\*\*All references to "Plan" shall include any amended plan, which shall supersede all previously filed plans.
\*\*\*All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted. References to rules are to the Federal Rules of Bankruptcy Procedure.

      a.    For claims secured by real or personal property that are valued in the Plan, the monthly Plan payment shall include adequate protection payments based upon the proposed value of the collateral with interest.

      b.    For claims secured by mortgages for which the Plan proposes mortgage modification mediation ("MMM"), unless otherwise ordered by the Court, the monthly Plan payment shall include:

      i.    For *homestead* properties, until the MMM is concluded, the lesser of:

      A.    31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner association fees), or

      B.    The normal monthly contractual mortgage payment.

      ii.    For *non-homestead,* income-producing property, until the MMM is concluded, 75% of the gross rental income generated from the property.

      c.    For executory contract or lease claims for real or personal property, the monthly plan payment shall include adequate protection payments equal to the regular monthly contractual payment. If there are prepetition arrearages, the Plan shall provide for the prompt cure of arrearages.

      d.    If Debtor is successful in obtaining a mortgage modification at any time during the case, payments on the modified mortgage shall be paid through the Plan.

      e.    If the MMM does not result in a modified mortgage, then within 14 days of the filing of the mediator's final report, Debtor shall file an amended or modified Plan that proposes treatment of the mortgage claim and the appropriate payment, if any.

      f.    For claims secured by mortgages for which the Plan proposes to cure prepetition arrearages, the Plan payment shall include the regular postpetition contractual payment and the total arrearages paid in monthly installments over the term of the Plan.

      g.    The Plan payment need not include postpetition payments on claims secured by property to be surrendered in the Plan or by junior liens on Debtor's principal residence that Debtor intends to value and to strip.

      h.    The Plan may provide for Debtor to make postpetition payments directly to secured creditors or lessors only on claims that are not in default, for which no arrearages are being cured through the Plan, and that the Plan does not modify. Debtor shall make direct payments via automatic debit/draft from a bank account and provide documentation to the Trustee upon request. The establishment of an automatic/debit draft at Debtor's request is not a violation of the automatic stay. IF THE PLAN PROVIDES FOR DEBTOR TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR OR LESSOR, THE AUTOMATIC STAY IS TERMINATED, *IN REM*, AS TO THAT CREDITOR.

5. <u>Payments to Trustee</u>. Debtor, not later than 30 days after the petition date, shall make Plan payments to the Trustee as directed in the **Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines**, and on the same day of each succeeding month. **If the Trustee does not receive payment when due, the Trustee may seek dismissal of the case**. All payments must be made to the Trustee by approved electronic transfer, cashier's check, money order, or employee wage deduction. Each payment shall include Debtor's name, legibly printed, and the case number. The Trustee is authorized to pay from these funds any fees and charges assessed against the estate by law as authorized by § 1326(b) and to collect from all receipts the Trustee's fee authorized by 28 U.S.C. § 586 ("Trustee's commission"). The Trustee's commission shall be earned upon receipt of each payment from the Debtor and may be distributed to the Trustee upon receipt of the payment. The Trustee shall hold the remaining funds pending entry of the order confirming the Plan, except as set forth in this Order.

6. <u>Adequate Protection for Secured Creditors and Lessors</u>. Pending confirmation of a Plan and as a condition of Debtor's continued possession or use of real or personal property subject to a security interest, the following, when taken collectively, shall constitute adequate protection to each such secured creditor:

    a. Under § 1326(a)(1), Debtor shall include all adequate protection payments required by § 1326(a)(1)(C) as Plan payments and make those payments directly to the Trustee, who then will pay secured creditors as ordered by the Court.

    b. Debtor shall timely file the Plan and all required information.

    c. Debtor shall make all payments due to the Trustee on time.

    d. All payments proposed in the initial or any amended Plan to the holders of secured claims are allowed as costs and expenses of preserving the estate within the meaning of § 503(b)(1)(A).

    e. The Trustee shall make monthly disbursements of adequate protection payments to secured creditors and lessors prior to confirmation of the Plan, as soon as practicable, if:

        i. The Plan provides for such payment to the secured creditor/lessor;

        ii. The secured creditor/lessor has filed a proof of claim OR Debtor or the Trustee has filed a proof of claim under § 501(c); and

        iii. No objection to the proof of claim is pending.

    f. All disbursements to secured creditors/lessors are deemed adequate protection payments. Acceptance of such payments is not a waiver of creditors' rights to contest confirmation or Debtor's valuation of collateral, to request relief from the automatic stay on grounds other than a default in payments, or to request additional adequate protection.

       g.      If a secured creditor/lessor desires to receive payments at an address other than the address in the secured creditor's proof of claim, the secured creditor must file a Notice of Payment Address Change with the Clerk and provide written notice to the Trustee.

       h.      Creditors holding a security interest in the Debtor's principal residence provided for in the Plan under §1322(b)(5) shall comply with Rule 3002.1 with respect to payment changes and requests for postpetition fees and costs. The Trustee may adjust the Plan payments accordingly and notify Debtor of any such payment change. However, if a secured creditor is subject to an MMM order, the implementation of any notice under Rule 3002.1 is abated until the conclusion of the mediation.

       i.      Within 14 days of a written request by a secured creditor, Debtor must provide proof of insurance to the secured creditor as required by the loan documents.

       j.      Within 72 hours of any telephonic request by a secured creditor, Debtor must allow inspection of the collateral if required by the loan documents.

     7.      <u>Refund of Plan Payments to Debtor if Case Is Converted or Dismissed</u>. Notwithstanding the provisions of paragraph 6, if Debtor files a notice of conversion of this case to a Chapter 7 or the Court orders the conversion of this case to a Chapter 11 or its dismissal, any undistributed funds in the Trustee's possession on the date of conversion or dismissal shall be payable to Debtor and, if Debtor is represented by counsel, mailed to Debtor in care of Debtor's attorney.

     8.      <u>Executory Contracts and Unexpired Leases</u>. The Plan must provide for the assumption or rejection of executory contracts and lease obligations. If there are prepetition arrearages, the Plan shall provide for the prompt cure of arrearages.

     9.      **<u>Termination of the Automatic Stay</u>. If the Plan provides for (a) the surrender of collateral to the secured creditor or lessor, (b) for payments to be made by Debtor directly to the secured creditor or lessor, (c) that Debtor does not intend to make payments to the creditor, or (d) fails to provide for the claim of the secured creditor or lessor, such secured creditor or lessor is granted *in rem* relief from the automatic stay to pursue its remedies against the property that is security for the claim or the subject of the lease and both *in rem* and *in personam* relief against any codebtor. If Debtor later amends or modifies the Plan to provide for the secured creditor or lessor, Debtor must move to re-impose the stay.**

     10.     <u>Modification of the Automatic Stay</u>. The automatic stay is modified to permit creditors whose claims are secured by mortgages on Debtor's real property to communicate directly with Debtor in good faith regarding the possible modification or refinance of the mortgage obligation.

     11.     <u>Meeting of Creditors and Documents to be Submitted to Trustee</u>. Debtor shall appear at the meeting of creditors scheduled under § 341(a) and Rule 2003(a). No later than seven days before the initial meeting of creditors, Debtor shall provide the Trustee with copies of tax returns for the two years preceding the petition date (or an affidavit that Debtor is not required to file tax returns) and copies of all pay stubs, advices, or documentation of income sources for the six-month period ending on the last day of the month preceding the month of the petition date. The Trustee may request

other documentation including information about the non-debtor spouse's income, other documents required by the Bankruptcy Code or other local court order, or information needed to administer a Chapter 13 case.

    12.    <u>Confirmation Hearing</u>. The Clerk is directed to schedule a confirmation hearing between 20 and 45 days after the date first set for the meeting of creditors. Debtor shall be current in payments to the Trustee and ensure that the case is ready for confirmation, if possible, at the initial confirmation hearing. Following the meeting of creditors, the Trustee may file and serve a Recommendation Concerning Confirmation of the Plan. Debtor shall correct any deficiencies or problems in the Recommendation Concerning Confirmation of the Plan at least seven days prior to the initial confirmation hearing. At the initial or any subsequent confirmation hearing, the Court will consider confirmation of the Plan and, on a preliminary, non-evidentiary basis, all pending motions and objections, including any motion to dismiss, objection to confirmation, or objection to claim. If an evidentiary hearing is needed or if cause exists to defer confirmation, the Court will note the date for the continued confirmation hearing on the docket. The Trustee may raise objections to confirmation of the Plan at any confirmation hearing.

    13.    <u>Preconfirmation Deadline for Filing Amended Plans and Certain Motions</u>. The following shall be filed no later than 28 days after the claims bar date:

    a.    An amended Plan, if necessary to obtain confirmation;

    b.    Motions to determine secured status of claim; and

    c.    Motions to avoid liens, if necessary to obtain confirmation.

    14.    <u>Deadline for Filing Objections to Claims</u>. Debtor shall file objections to any claims that Debtor seeks to have disallowed, in whole or in part, no later than 28 days after the claims bar date or 14 days after the filing of an amended proof of claim.

    15.    <u>Deadline to Seek Mortgage Modification Mediation</u>. Any party seeking MMM shall file a motion making this request within 90 days of the petition or conversion date.

    16.    <u>Service Requirements</u>. Debtor shall serve a copy of any amended Plan upon the Trustee and all other parties in interest and promptly file proof of service. Debtor shall serve a copy of any motion or objection on the Trustee and the affected creditor in the manner required by Rule 7004.

    17.    <u>Duties of Debtor's Attorney and Payment of Attorney's Fees</u>. Debtor's attorney must assist Debtor in all matters related to this case unless the Court has granted the attorney's motion to withdraw from the case. Debtor's counsel shall not withhold legal advice or service from Debtor because of lack of payment and may not demand payment from Debtor or any person on behalf of Debtor as a condition of providing legal advice or service. If the case is converted or dismissed, the Court shall retain jurisdiction to review the total amount of attorney's fees requested by or paid to Debtor's attorney.

As required by Rule 2016(b), Debtor's attorney must disclose:

    a.    Any prepetition retainer paid to the attorney by Debtor or any other person for Debtor's benefit;

    b.    Filing fees collected from Debtor and remitted to the Court; and

    c.    Postpetition payments made to the attorney by Debtor or other person for Debtor's benefit. Such payments shall be held in the attorney's trust account pending Court approval.

**If Debtor's attorney fails to timely and completely file these disclosures or to comply with all requirements in this Order, the Court may order a reduction in the amount of attorney's fees requested or the disgorgement of fees.**

18.    <u>Tax Returns and Refunds</u>. No later than the day before the initial meeting of creditors, Debtor shall file any delinquent tax returns for any tax period concluding within the four years before the petition date. Debtor shall immediately provide a copy of the returns or a statement that Debtor is not required to file tax returns to the Trustee. During the pendency of the Chapter 13 case, Debtor shall timely file all tax returns and make all tax payments and deposits when due. For each tax return that becomes due after the case is filed, Debtor shall provide to the Trustee, within 14 days of the filing of the return, a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's consent or court approval.**

19.    <u>Filing Claims on Behalf of Creditors</u>. Under Rule 3004, within 30 days after the expiration of the claims bar date, Debtor may file a proof of claim on behalf of a creditor if the creditor has not timely filed a claim and Debtor proposes to make payments to the creditor under the Plan.

20.    <u>Extension of Time to File Objections to Debtor's Claims of Exemption</u>. To assure proper administration if the Chapter 13 case converts to another chapter, under § 105, the Court extends the time for the Trustee or any party in interest to file objections to property claimed as exempt by Debtor to not later than (a) 30 days after the conclusion of the meeting of creditors after conversion of the case to a case under another chapter, or (b) 30 days after Debtor amends the list of property claimed as exempt, whichever is later, unless within such period, further time is granted by the Court. However, this extension does not limit the right of any party in interest to object to entry of a discharge under § 1328(h) on the ground that § 522(q)(1) is applicable. To the extent necessary, the extension of time to object to Debtor's claim of exemptions includes and extends beyond the confirmation hearing in every Chapter 13 case; Trustee or any party in interest may contest Debtor's claimed exemptions in objecting to confirmation of the Plan.

21.    <u>Cooperation with Trustee</u>. Debtor and Debtor's attorney shall cooperate with the Trustee to the greatest extent possible during the pendency of a Chapter 13 case, both before and after the Plan is confirmed. Upon the Trustee's oral or written request, Debtor shall provide to the Trustee

any requested information, including books, documents, records, and papers, relating to property of the estate. Within 28 days of the Trustee's request, Debtor shall, at Debtor's expense, obtain and deliver to the Trustee a current appraisal of real or personal property performed by a qualified appraiser in an acceptable format. Debtor may file, if needed, a motion to employ professionals under § 327.

22. <u>Debtor's Duty to Supplement</u>. Debtor shall promptly disclose to the Trustee and file amendments with the Court reporting all changes of Debtor's financial circumstances, including, but not limited it, inheritances, personal injury settlements, new or additional employment, loss of employment, or reduction or increase to income.

23. <u>Notice of Domestic Support Obligations</u>. At the initial meeting of creditors, Debtor shall inform the Trustee of any domestic support obligation, as defined in § 101(14A), and provide the following information: the name of the holder of the claim, the address of the holder of the claim, the state court case number (if applicable), and the telephone number of the holder of the claim. Debtor promptly shall provide the same information to the Trustee for any domestic support obligation that arises after the meeting of creditors.

24. <u>Notice to Creditors and Other Interested Parties</u>. All parties must comply with the noticing and service requirements of Local Rule 2002-1. Failure to timely serve orders and notices may cause the denial of the party's motion without prejudice.

25. **Default. If Debtor fails to make payments to the Trustee when due or to timely comply with any of the requirements of this Order, the case may be dismissed or converted to a case under Chapter 7 of the Bankruptcy Code upon motion by the Trustee or a party in interest.**

**DATED:** <u>April 23, 2018</u>.

*/s/ M.G. Williamson*

———————————————————
MICHAEL G. WILLIAMSON
Chief United States Bankruptcy Judge